[EDITOR'S NOTE: This case is unpublished as indicated by the issuing court.]
RULING RE: PLAINTIFFS' MOTION TO QUASH (FILE #127)
This personal injury action results from a two vehicle collision on the Berlin Turnpike. The revised complaint (File #122) alleges: "an exacerbated. . . pre-existing back injury"; "exacerbation and physical injuries to the cervical spine, left shoulder,. . . arm and hand"; and, "activated old psychiatric injuries. . . ." Plaintiffs' supplemental responses to defendants' interrogatories (File #108) disclose that plaintiff/operator sustained personal injuries in a prior accident: "Date of Injury — 1/25/84; Place of Injury: Cellu Corporation, 2 Forbes Street, East Hartford, Ct."
Plaintiffs previously objected to a request for production seeking written authorization for the release of plaintiff/operator's complete personnel and workers' compensation file on the basis that the requested production was "too broad in scope and time" (did not identify employer or specify dates). Plaintiffs' objection was sustained by the Court. (File #115).
The instant motion seeks to quash a subpoena duces tecum, issued in conjunction with a notice of deposition, directing production of a "complete copy of. . . entire personnel file (maintained by Cellu Tissue), including but not limited to employment record, disability records, wages, appraisals, etc. with regards to. . . Bernardino Ingenito. . . ." Plaintiffs maintain that the subpoena duces tecum should be quashed because (a) the requested materials are irrelevant and immaterial CT Page 774 to the cause of action, (b) the request is overbroad in scope and time, and (c) the request seeks materials not discoverable under the rules of practice.
A review of the entire court file indicates that employment and disability records are relevant and material also, that such data appears "reasonably calculated to lead to the discovery of admissible evidence." Prac. Bk. Section 218.
The motion to quash (#127) is Denied; and it is Ordered: that employment and disability records of the plaintiff/operator, as maintained by Cellu Corporation, for the calendar years 1984 through 1986, to the extent not legally privileged, be produced at the deposition. Prac. Bk. Section 245(e).
MULCAHY, J.